UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES VALLEJO MONSALVE,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al*.<br>Respondents. | Case No. 1:26-cv-04964 (VC)<br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 8 |

Petitioner Andres Vallejo Monsalve is detained at the California City Immigration Processing Center pending the resolution of his removal proceedings. He filed the amended petition for writ of habeas corpus arguing that his continued detention without a bond hearing violates his procedural due process rights under the Fifth Amendment. *See* Dkt. No. 8 at 8–9. For the reasons that follow, Petitioner is entitled to relief on his procedural due process claim (count one). Because this claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court does not reach Petitioner's remaining claims for relief.

## I. BACKGROUND

Petitioner is a native of Colombia who last entered the United States in October 2018 on a B2 visa. Dkt. No. 7-1 at 2; Dkt. No. 1 at 2. He has lived in the United States with his family for the last eight years.

Though Petitioner has not previously been detained by immigration authorities, his most recent detention was not his first interaction with them. In February 2024, Petitioner's U.S.

citizen son filed an I-130 Petition for Alien Relative on Petitioner's behalf. Dkt. No. 1 at 2. And Petitioner submitted an application to register for permanent residence to USCIS based on that application. *Id*.

Petitioner was detained by ICE in March 2026 at a scheduled USCIS appointment related to his pending petition. *Id*. at 6. When he arrived, ICE officers told Petitioner that he had missed a scheduled immigration court hearing and was being detained on that basis. *Id*. Following Petitioner's arrest, it was revealed that DHS had mailed the hearing notice to the wrong address, and Petitioner never received notice of the hearing. *Id*. at 7.

Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1226(a), which entitles him to receive a custody redetermination hearing before an immigration judge. *See* Dkt. No. 7 at 2. Petitioner was purportedly scheduled to receive a bond hearing on two separate occasions. The first scheduled hearing did not occur because ICE transferred him to a different detention facility on the morning of the hearing. Dkt. No. 8 at 3. Though Respondents state that a hearing has been rescheduled, neither party has informed the court as to whether the hearing actually occurred. *See* Dkt. No. 10 at 1. Petitioner has now been detained for eight months.

**II. DISCUSSION**

Respondents oppose habeas relief on two grounds. First, they argue that Petitioner should be required to exhaust his administrative remedies by pursuing a bond hearing in immigration court. *Id*. at 2. Second, they contend that Petitioner is lawfully detained under § 1226(a) and is not entitled to any further process than what is prescribed by statute—specifically, a bond hearing before an immigration judge. *Id*. at 3. Both arguments lack merit.

As to exhaustion, "[c]ourts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). However, "an exception to the exhaustion requirement

has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) ("there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious" or "pursuit of administrative remedies would be a futile gesture"). Waiver is appropriate here because Petitioner brings a due process challenge to his continued detention under § 1226(a).

Turning to Petitioner's procedural due process claim, judges throughout the Ninth Circuit have held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto v. Warden*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year). That reasoning applies here. Petitioner has lived at liberty in the United States for eight years. Immigration authorities were aware of his presence in the United States following the submission of his I-130 petition and choose not to detain him. Indeed, they scheduled a USCIS appointment for him and attempted to set an immigration court date. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom while his immigration case proceeded.

The fact that § 1226(a) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Though Respondents argue that Petitioner's continued detention is lawful under § 1226(a), "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976,

981 (9th Cir. 2017). And "the fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). As Petitioner was permitted to live at liberty for the last several years as his immigration proceedings progressed, he was entitled to process prior to the deprivation of his freedom.

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation … and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation from seizing an individual at a scheduled USCIS appointment without any prior opportunity to be heard is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a). Indeed, Respondents offer no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case. Accordingly, the Court concludes that due process requires that Petitioner be released.

## III. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 10, 2026

VINCE CHHABRIA
United States District Judge